UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-cr-54 |
| | : | |
| SHAWN CORTEZ MOSES, | : | |
|    Defendant. | : | |

### United States' Opposition to Defendant's Motion to Continue Sentencing

The United States opposes defense counsel's request to continue sentencing, [ECF No. 59], and strongly objects to the mischaracterization of the government's December disclosure, as it misleads the Court regarding the content of this disclosure and the government's efforts to allow defense counsel to review this content as quickly as possible. Neither the timing of this disclosure, the date defense counsel reviewed the material, nor the content itself, supports a continuance.

On December 13, 2022, in preparation for the sentencings of the defendant and other related defendants, government counsel learned of three thumbnail images depicting defendant Shawn Moses and Minor Victim 1, as well as one eight second video clip depicting the defendant with the minor child. These thumbnail images and short video clip constitute the entirety of the government's December disclosure. The content at issue was identified during a recent review of the ZTE cellular phone belonging to another defendant, herein referred to as DEFENDANT 1, that was recovered from her home. The thumbnail images show defendant Moses, in underwear, bathing Minor Victim 1, and one eight-second video clip of Moses playing with a dollhouse with Minor Victim 1, wearing the same underwear, while the child appears to be

1

almost nude. This content did not appear on any of the devices recovered from defendant Moses and had not previously been connected to him.

Immediately upon learning of these images, government counsel contacted defense counsel to inform her of their existence and to offer her an opportunity to view the images. Defense counsel initially requested to view the images on Monday, December 19, 2022, but government counsel was unable to accommodate that one specific date. Instead, government counsel offered defense counsel any other date that week between Tuesday and Friday, December 20-23, 2022. Defense counsel chose to schedule the evidence review for Thursday, December 22nd, but later canceled that meeting due to concerns about the weather. Defense counsel then asked to reschedule for Thursday, December 29th, even though government counsel offered her multiple earlier dates. Ultimately, defense counsel chose to view the content on December 29, 2022.

The United States opposes a continuance. This is a very small amount of content which was disclosed to defense counsel when discovered, nearly a month before sentencing. It is the government's position that defense counsel's filing is misleading about the nature of the content, and its bearing on the upcoming sentencing. Significantly, none of the content impacts the charges to which Moses entered a plea of guilty. The images are not exculpatory and, if anything, demonstrate that Moses minimized his interactions with Minor Victim 1 when describing them to Dr. Fred Berlin.[1] While the United States regrets that defendant Moses was not identified in these images sooner, because they were not attributed to the defendant, there is simply no way that this content impacted the government's charging decisions, the plea offer,

---

[1] The United States will make the content at issue available to the Court for inspection should the Court wish to review it.

the defendant's admission of guilt, or the sentencing recommendation. In fact, although the content was not connected to defendant Moses until December of 2022, defense counsel viewed a still image believed to be taken from the eight-second video during an evidence review that occurred before the defendant entered his plea of guilt. Defense counsel viewed the images depicting the defendant sexually assaulting Minor Victim 1, which form the basis of the charges he stands convicted of well in advance of the change of plea hearing. There has never been a dispute that the defendant was inside DEFENDANT 1's home, nor that he was with the Minor Victim in this case. Furthermore, defense counsel previously viewed a still image showing the defendant "playing" with Minor Victim 1, with the same dollhouse. It is not new information that the defendant also interacted with this child while she was awake.

In its' sentencing memorandum, filed on December 27, 2022, the United States briefly discussed the content at issue as follows:

> One particularly damaging aspect of the defendant's abuse is the fact that he engaged in playing with the child and acting as a caretaker in and around the time that he also sexually abused her. This is confirmed in a video recovered from DEFENDANT 1's cell phone that appears to have been filmed in DEFENDANT 1's apartment. In this eight-second video, the defendant is seated on the floor wearing only a black pair of underwear with white-colored spots. The child, who appears to be approximately 6 or 7 years old, is almost nude, with a black hairnet covering her hair. In the brief video it is unclear whether the child is even wearing underwear. In the video, the two play with a pink plastic dollhouse filled with toys, which is sitting in between them on the floor. The defendant can be heard asking, "Where are you sleeping tonight?" The child, who is smiling and clearly enjoying the playtime, jumps up from the floor and runs out of the room. The defendant himself also admits to playing with the child before abusing her. *See Berlin*, at 10. As Dr. Tabron notes, the play-abuse pairing can enhance the damage caused by abuse because:
>
>> Play is a very important function of healthy child development. Play is engaged in by children universally to learn, develop, master skills, and to build socialization capacities. Play is also held sacred in both childhood *and* adulthood as an outlet for enjoyment, fulfillment and joy. The act of engaging a child in play, only to subsequently abuse, victimize and exploit said child can essentially create an extremely

> confusing and frightening pairing of a play-abuse relationship in the child's growing understanding of commonplace interactions and bonding.
>
> *Id*. at 9. The play-abuse pairing that the defendant engaged in with Minor Victim 1 not only damaged the child's potential for healthy development, but simultaneously destroyed one potential avenue of healing for her by limiting the clinical value of "play therapy" in the future. *Id.* at 9.
>
> In addition to specifically playing with Minor Victim 1, the defendant also feigned caretaking by bathing the child, while DEFENDANT 1 took photographs. In three additional images recovered from DEFENDANT 1's phone, an adult male with the defendant's build can be seen leaning over a bathtub while Minor Victim 1 stands in the bathtub completely nude. The adult male is wearing the same black underwear with white-colored spots that can be seen on the defendant in the video depicting the dollhouse. The images include: (1) a photograph of the nude child standing in the bathtub; (2) an image with the adult male placing a sponge on the child's pubic area; and (3) an image with the child standing with her buttocks directly in front of the face of the adult male.

Gov't Sentencing Memorandum, at 6-7 [ECF No. 56]. Defense counsel was aware of the nature of this content two weeks prior to the government filing its sentencing memo. The United States stands by this characterization of the content, and defense counsel's assertion that this characterization was "misleading" is puzzling. Def. Mot. to Reschedule Sentencing Hearing, ¶ 6 [ECF No. 59].

If defense counsel wished to continue either the date for the filing of her sentencing memo, or the sentencing date, she is free to do so. However, as stated above, the information contained in her request for a continuance was false and misleading. Additionally, defense counsel did not seek the government's position regarding a continuance, instead claiming that "Due to the timing of this request, undersigned counsel has not been able to contact Counsel for the Government to ascertain their position as to this request." Def. Mot. to Enlarge, ¶ 4 [ECF No. 58]; Def. Mot to Reschedule, ¶ 7 [ECF No. 59]. That's simply not the case. Government counsel has, and always, responds to

defense counsel's requests in a timely fashion.  Defense counsel simply chose not to afford government counsel the right to respond. Counsel for the United States stands ready to respond to any email, phone call, or other communication from defense counsel or the Court.

The United States opposes defense counsel's request for a continuance based upon the reasons stated in ECF No. 59.  The small amount of content at issue was disclosed nearly a month before sentencing.  Defense counsel set the schedule for when to review the content, the significance of which does not warrant a continuance.

For these reasons, the United States objects to a continuance of the sentencing date based upon the reasons raised in defense counsel's s motions.

                    Respectfully submitted,

                    MATTHEW D. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

By:    /s/
                    JOCELYN BOND
                    AMY LARSON
                    Assistant United States Attorneys
                    DC Bar No. 1008904
                    U.S. Attorney's Office
                    601 D Street, N.W.
                    Washington, D.C. 20530
                    202-809-0793
                    Jocelyn.Bond@usdoj.gov